United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11233
Conference Calendar

_____

LEWIS CASTRO,

                                   Plaintiff-Appellant,

versus

MICHAEL CRAWFOOT, as Sargeant Individually and Official Capacity;
LOUIS SOLIZ, as Sargeant Individually and Official Capacity;
GLENN OWENS, Correctional Officer IV Individually and Official
Capacity; CHRISTOPHER GASPAR, as Sargeant Individually and
Official Capacity; MICHAEL WEBB, Correctional Officer IV
Individually and Official Capacity; BOBBY MORRIS, Lieutenant,
Individually and Official Capacity,

                                   Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-215
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Lewis Castro, Texas prisoner # 752284, appeals the district

court's dismissal without prejudice of his 42 U.S.C. § 1983 civil

rights complaint for failure to exhaust administrative remedies.

"No action shall be brought with respect to prison conditions

under section 1983 . . . by a prisoner confined in any jail,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This court reviews de novo the dismissal of an inmate's 42 U.S.C. § 1983 suit for failure to exhaust administrative remedies. Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001).

Castro admits that he did not file a Step 2 grievance before he filed his civil rights complaint. Castro asserts that he did not file a Step 2 grievance because he was unaware of the requirements of 42 U.S.C. § 1997e(a) and because the Interoffice Communication from the Internal Affairs Division ("IAD") was a decision from the highest authority in the grievance system, and, as a result, Castro was not required to file a Step 2 grievance.

First, ignorance of the law will not relieve Castro of his obligation to exhaust the available administrative remedies. See Fisher v. Johnson, 174 F.3d 710, 712-14 (5th Cir. 1999). Second, the administrative decision to the Step 1 grievance informed Castro that his complaint was mandatorily referred to the IAD and that if he was "dissatisfied with the Step 1 response, [he] may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response." There was no indication on the Step 1 administrative decision that Castro should not appeal, did not have the right to appeal, or should wait for IAD's response to appeal. Castro has not shown that the district court erred in its ruling. See also Crain v. Prasifka, 97 S.W.3d 867,

870 (Tex. App. 2002) (Step 2 grievance still mandatory even though Step 1 grievance forwarded to the IAD).

Accordingly, the judgment of the district court is AFFIRMED.