United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41345
Summary Calendar
_____

DAVID AGUIRRE,

Plaintiff-Appellant,

versus

PAUL DYER, JR., Corrections Officer; QUINTON GUILBEAU,
Corrections Officer; AMANDA PARKER, Corrections Officer,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-5
---------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Aguirre, Texas prisoner # 899858, appeals the summary

judgment dismissal of his 42 U.S.C. § 1983 suit for failure to

exhaust administrative remedies. Finding no error we affirm.

We review the grant of summary judgment de novo, applying

the same standard as the district court. <u>Mississippi River Basin</u>

<u>Alliance v. Westphal</u>, 230 F.3d 170, 174 (5th Cir. 2000). A

prisoner who wishes to file a § 1983 suit for damages against

prison officials must exhaust administrative remedies before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doing so. 42 U.S.C. § 1997e(a); <u>Johnson v. Johnson</u>, 385 F.3d 503, 515 (5th Cir. 2004). The Texas Department of Justice - Correctional Institutions Division provides a two-step process for filing grievances. <u>Johnson</u>, 385 F.3d at 515. A prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. <u>Id.</u> Although Aguirre filed a Step 1 grievance, he conceded that he did not file a proper Step 2 grievance. Thus, he did not exhaust his remedies.

Aguirre's contention that he was not required to file a Step 2 grievance because his Step 1 grievance was referred to the Internal Affairs Division is without merit. <u>See</u> <u>Crain v. Prasifka</u>, 97 S.W.3d 867, 870 (Tex. Ct. App. 2002). Aguirre's ignorance of the rules requiring a Step 2 grievance does not excuse his noncompliance. <u>See</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).

Because we conclude that the magistrate judge did not err in concluding that Aguirre failed to exhaust his administrative remedies, we need not consider Aguirre's claims regarding verbal abuse and threats. <u>See</u> <u>Ballard v. Burton</u>, 444 F.3d 391, 401-02 (5th Cir. 2006) (this court may affirm summary judgment on any grounds supported by the record).

For the foregoing reasons, the judgment dismissing Aguirre's complaint for failure to exhaust administrative remedies is AFFIRMED.