# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-30959
Summary Calendar

CHRISTY PAPANIA-JONES, Individually and on behalf of B.J.;RICHARD CHRISTOPHER JONES, Individually and on behalf of B.J.

Plaintiffs-Appellants

v.

NICHOLE DUPREE; STATE OF LOUISIANA, on behalf of Department of Health and Hospitals

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-1092

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Christy Papania-Jones and Richard Christopher Jones on behalf of their son B.J. (the "Jones family") appeal the District Court order granting the motion to dismiss filed by Defendants-Appellees State of Louisiana and Nichole Dupree (together "State"). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Jones family requested occupational therapy for their developmentally delayed son through the State's Early Steps Program. Early Steps is an intervention program under Part C of the Individuals with Disabilities Education Act ("IDEA") administered by the Department of Health and Hospitals ("DHH") and managed by Nichole Dupree ("Dupree"). The State provided the occupational therapy for a time, but ceased providing the therapy on a consistent basis when B.J.'s therapist resigned. The Jones family filed two formal, written complaints in compliance with the State's "initiating formal complaint" process. The State responded to the Jones family's complaint, maintaining it had not violated the IDEA. The Jones family should have requested a due process hearing next,[1] but instead they sued the State under the IDEA, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourteenth Amendment, the Louisiana Children with Exceptionalities Act, and the Louisiana Constitution.

The District Court dismissed the Jones family's claims, finding that the Jones family had failed to exhaust administrative remedies as required by the IDEA. Thus, the District Court held that it lacked jurisdiction over the case. The District Court declined to exercise supplemental jurisdiction over the Jones family's state law claims, and also held that no independent jurisdictional basis supported the remaining federal law claims. The sole issue in this appeal is whether the District Court erred in granting the State's motion to dismiss, finding that the Jones family failed to exhaust the IDEA's administrative remedies.

---

[1] After a party files a formal, written complaint with a local or state educational agency, as did the Jones family, the next procedural step is to request an impartial due process hearing if the party is not satisfied with the response to their complaint. See 20 U.S.C. § 1415(f). If the party is dissatisfied with the results of the impartial due process hearing, the next procedural step is to appeal the results of the hearing to the state educational agency for an impartial review. Id. § 1415(g). Only after the party exhausts these administrative remedies may the aggrieved party bring a civil action in state or federal court. Id. § 1415(I).

We review a District Court decision dismissing a case under to Rule 12(b) for failure to exhaust administrative remedies de novo. Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006) (reviewing de novo a District Court determination of whether employees had exhausted administrative remedies in an employment discrimination action). "In our de novo review . . . we apply the same standard as [did] the [D]istrict [C]ourt: [A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief." Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot, and Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003) (citation omitted). Accordingly, we will affirm only if the Jones family cannot prove any set of facts to support their claim which would entitle them relief. See id.

The Jones family first argues that they were unaware of the exhaustion requirement because the information provided by the State regarding the complaint process merely indicated that a party may initiate a due process hearing but did not mandate that such a hearing was required before filing suit.[2] The Jones family's contention that they did not know of the IDEA's requirement to exhaust all its administrative remedies is not a valid excuse. See Ashton v. United States, 404 F.2d 95, 95-96 (8th Cir. 1968) (stating "failure to exhaust administrative remedies under the Selective Service Act . . . cannot be lightly discarded by a simple plea of procedural ignorance"); Castro v. Crawfoot, 102 Fed. Appx. 852, 854 (5th Cir. 2004) (per curiam) (unpublished opinion) ("[I]gnorance of the law will not relieve Castro of his obligation to exhaust the available administrative remedies."). Therefore, we reject the Jones family's first argument. See id.

---

[2] The Jones family does not dispute the fact that they failed to exhaust the IDEA's administrative remedies prior to filing this lawsuit.

The Jones family also contends that even if they had known of the exhaustion requirement, it would have been futile for them to exhaust the remaining IDEA administrative remedies: requesting a due process hearing, and if dissatisfied with the results, appealing the hearing to the state educational agency. See 20 U.S.C. § 1415(f)-(g). "It is true that judicial review is normally not available under [the IDEA] until all administrative proceedings are completed, but as [the Supreme Court] previously [has] noted, parents may bypass the administrative process where exhaustion would be futile or inadequate." Honig v. Doe, 484 U.S. 305, 326-27 (1988). The Jones family bears the burden of proving that administrative review would be futile or inadequate. See Gardner v. Sch. Bd. Caddo Parish, 958 F.2d 108, 111-12 (5th Cir. 1992). Even if the Jones family could prove that a portion of the required administrative review would be futile, i.e. the due process hearing, they must prove that an appeal of the hearing to the state administrative agency would be futile as well. See id.

The Jones family has not met their burden to prove their futility argument. The Jones family failed to request an impartial due process hearing and hinges their futility argument on their dissatisfaction with the State's response to their two formal, written complaint letters. IDEA allows us to review the administrative proceedings, including the evidentiary due process hearing, but does not provide for us to act as the first hearing body. 20 U.S.C. § 1415(i)(2)(C). We agree with the District Court in this case that the state education agency is best situated to hear and resolve IDEA complaints. By failing to exhaust the IDEA's administrative remedies, the Jones family did not give the State an appropriate opportunity to resolve their complaints prior to filing suit against the State. See Marvin H. v. Indep. Sch. Dist., 714 F.2d 1348, 1358 (5th Cir. 1983) (noting the procedural frameworks set out in the IDEA's predecessor, the EAHCA, allows parents and educators an opportunity to make

4

joint decisions regarding a disabled child's education and focuses on a non-judicial resolution of conflicts).

The Second Circuit considered this same futility issue and found that exhaustion may be bypassed in situations with systematic violations that a hearing officer would have no power to correct. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 113 (2d Cir. 2004). In J.S., six students alleged special education deprivations such as: failure to provide an adequate Individualized Education Programs; access to certain areas of the school such as the cafeteria, music room, computer room, nurse's office, and swimming pool; and numerous other systematic violations. Id. at 111-12. The Second Circuit concluded exhaustion would be futile in this situation because of Attica's "total failure to prepare and implement Individualized Education Programs." Id. at 115. Therefore, the Court found this situation could not be remedied by a hearing officer in a due process hearing, and noted that if each Plaintiff were required to exhaust IDEA's administrative remedies, it could lead to inconsistent results. See id. at 114.

The Jones family has not proffered sufficient evidence to support their futility argument and bypass the important administrative review process We find the analysis of the Second Circuit in J.S. to be instructive. See J.S., 386 F.3d at 115; see also Crawford v. Pittman, 708 F.2d 1028, 1033 n.17 (5th Cir. 1983) (stating that although the parties failed to exhaust their administrative remedies, even the state conceded resort to such remedies would have been futile because of the state's settled policy of disallowing special education programs longer than 180 days). Unlike the Plaintiffs in J.S., the Jones family produced no evidence that they experienced a systematic violation when B.J. failed to receive his occupational therapy on a consistent basis. See J.S., 386 F.3d at 115. The Jones family also failed to show that a hearing officer would have been powerless to correct the alleged IDEA violation had they requested a due process

hearing. See id. at 114. Finally, the Jones family does not challenge a settled state policy that could not be addressed through the IDEA's administrative remedies. See Crawford, 708 F.2d at 1033 n.17. Therefore, we hold the Jones family does not fall within the futility exception, and, because they failed to exhaust all the IDEA's administrative remedies, the District Court properly dismissed their case without prejudice. See J.S., 386 F.3d at 115; Crawford, 708 F.2d at 1033 n.17.

For the above reasons, we AFFIRM the decision of the District Court. AFFIRMED.