**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-40690

ALEXY A ROSA

Plaintiff-Appellee

v.

JOHN DOE LITTLES; MATTHEW PHILLIPS; LLOYD MORVANT

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-252

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

For this interlocutory appeal, at issue is whether Alexy A. Rosa's failure to pursue both steps of the Texas Department of Criminal Justice's (TDCJ) two-step grievance process is fatal, pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, to his excessive-force action. Three TDCJ employees challenge summary judgment's being denied on their failure-to-exhaust claim, asserted pursuant to the PLRA, 42 U.S.C. § 1997e, in response to Rosa's action. Rosa is proceeding *pro se*. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

On 18 December 2004, Rosa, a TDCJ inmate, filed a step-one grievance claiming that, two days earlier, excessive force had been used against him by three TDCJ correctional officers (Defendants) and asked that Defendants be removed from employment at TDCJ. The grievance was filed pursuant to TDCJ's two-step process.

In January 2005, Rosa received a response to his step-one grievance from Unit Administration. The response stated:

> Due to the nature of your complaint, a copy of this grievance was forwarded to the Office of Inspector General. Following their review, OIG Case #IF.CC.05002042GL was opened by them. All further correspondence concerning this matter should be forwarded to the OIG citing the above-mentioned case number.

The response did not advise Rosa not to file a step-two grievance. It is undisputed that Rosa never filed that grievance.

Shortly after Rosa received the response, and consistent with it, the Office of Inspector General (OIG) conducted an investigation and prepared a report. The OIG found that one of the Defendants "grabbed Rosa by his clothing while pushing him into the wall, kneed him twice in the groin, and slammed him onto a table, and then slammed him to the floor while pressing his knee against Rosa's jaw". That Defendant was later convicted of criminal charges based on his use of force against Rosa and other inmates and, needless to say, is no longer employed by TDCJ. Another of the Defendants was disciplined for failure to report a use of force. The third Defendant is no longer employed by TDCJ.

On 3 November 2006, proceeding *pro se*, Rosa filed this action against Defendants pursuant to 42 U.S.C. § 1983, claiming violation of his constitutional

rights and seeking punitive damages, medical expenses, injunctive relief, and costs. Rosa's motion to proceed *in forma pauperis* was granted; for appointment of counsel, denied.

In November 2007, Defendants moved for summary judgment claiming, *inter alia*, that Rosa failed to exhaust his administrative remedies by not filing a step-two grievance. Rosa responded that filing that grievance was unnecessary because his step-one grievance resulted in a favorable outcome (OIG investigation).

The magistrate judge's report and recommendation agreed with Rosa. Relying on *Booth v. Churner*, 532 U.S. 731 (2001), the magistrate judge reasoned that, because initiation of an investigation was all the relief "available" to Rosa when he filed a step-one grievance, no purpose would be served by requiring Rosa to file a step-two grievance. The magistrate judge also stated:

> This is not a holding that the grievance procedure was "futile" or that exhaustion is excused because Rosa would have sought relief that was unavailable; the relief was not "unavailable" but on the contrary had already been accorded to him through the initiation of an OIG investigation.

Accordingly, the magistrate judge recommended summary judgment's being denied. Defendants filed timely objections to the report and recommendation, contending that exhaustion of both step one and step two was strict and mandatory pursuant to the PLRA, Supreme Court decisions, and this court's unpublished opinions.

On 6 February 2008, the district court overruled Defendants' objections and adopted the report and recommendation. Relying on other circuits' decisions holding that prisoners need not appeal a favorable resolution of their grievance

to satisfy the exhaustion requirement, *e.g.*, *Thornton v. Snyder*, 428 F.3d 690, 696-97 (7th Cir. 2005), the district court ruled that Rosa "had no reason to appeal to Step Two".

On 25 February 2008, pursuant to 28 U.S.C. § 1292(b), Defendants moved the district court to certify for interlocutory appeal the exhaustion-of-administrative-remedies issue. The district court did so in April 2008, and our court, in July 2008, granted permission to pursue this interlocutory appeal.

## II.

As noted, Rosa proceeds *pro se*, his appointment-of-counsel motion having been denied by this court in January 2009. In November 2008, Rosa moved to submit documents for review, including the *Spears* hearing record and documents pertaining to TDCJ grievance procedure. In December 2008, Rosa moved for submission of the TDCJ Offender Grievance Operations Manual (Grievance Manual). Having been notified the court would take no action on his motions, Rosa moved for reconsideration. Rosa's motions are DENIED because the documents with which he seeks to supplement the record on appeal are already in it.

A summary-judgment ruling is reviewed *de novo*, applying the same legal standards as the district court. *E.g.*, *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). That standard of review applies in this instance for the denial of dismissal for failure to exhaust. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001)). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c).

The PLRA, enacted in 1995 to reduce prisoner litigation in federal courts, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*

42 U.S.C. § 1997e(a) (emphasis added). "[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues". *Booth*, 532 U.S. at 741 n.6. *Booth* held the PLRA requires administrative exhaustion although the grievance process does not permit money damages and a prisoner seeks only money damages, as long as the grievance tribunal has the authority to take some responsive action. *Id.* at 741. Along that line, the Court stressed that futility or other exceptions will not be read "into statutory exhaustion requirements where Congress has provided otherwise". *Id.* at 741 n.6. Accordingly, under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory". *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

Defendants claim that, in denying summary judgment, the district court misconstrued the PLRA and decisions interpreting it. Although the district court, by adopting the magistrate judge's recommendation, stated that its ruling was not based on the fact that Rosa's filing a step-two grievance would have been futile, Defendants contend the ruling was nonetheless based on the finding of futility and, accordingly, is in violation of *Booth*, 532 U.S. at 741 n.6. Defendants maintain that, instead of enforcing mandatory exhaustion requirements, the district court exercised its discretion, in violation of the PLRA. To support their

failure-to-exhaust claim, Defendants rely, *inter alia*, on this court's unpublished decisions holding that an inmate must file both step-one and step-two grievances to properly exhaust.

Further, Defendants claim Rosa received all the relief he requested in his step-one grievance: two Defendants are no longer employed by TDCJ, one of them was convicted of criminal charges, and the third Defendant was disciplined. Therefore, Defendants claim, Rosa has no claims to litigate.

Accordingly, regarding Rosa's claim for money damages in this action, Defendants reason that, had Rosa been truly satisfied with the favorable resolution of his step-one grievance, there would have been no need to pursue this action for such damages. Defendants claim that, because Rosa, not being completely satisfied with the result of his step-one grievance, did not file a step-two grievance, he failed to properly exhaust his administrative remedies.

Rosa, relying on decisions from other circuits holding there is no exhaustion obligation where no further relief is available, asserts: there was no need to file a step-two grievance where an OIG investigation commenced as a result of his step-one grievance; and that was all the relief he could have obtained through TDCJ's grievance process. Further, because TDCJ's Grievance Manual expressly prohibits inmates' requesting monetary damages for excessive use of force or requesting a disciplinary action against staff, Rosa contends seeking money damages through TDCJ's grievance process was not "available" to him. Therefore, because TDCJ's procedure could no longer grant him any further relief at step two, Rosa claims he properly exhausted his administrative remedies.

Again, the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a) (emphasis added). As used in the PLRA, the modifier "available" requires "the possibility of some relief for the action complained of". *Booth*, 532 U.S. at 738. The word "exhausted" refers to "procedural means, not the particular relief ordered". *Id.* at 739 ("It makes no sense to demand that someone exhaust 'such administrative [redress]' as is available; one 'exhausts' processes, not forms of relief, and the statute provides that one must."). Further, exhaustion must be *proper*, that is, an inmate is required to follow "all steps that the agency holds out" for the purposes of giving the agency a full and fair opportunity to adjudicate the inmate's claims and correct its own errors. *Woodford*, 548 U.S. at 90, 94. Finally, it is the TDCJ's procedure, not the PLRA, "that define[s] the boundaries of proper exhaustion". *Jones v. Bock*, 549 U.S. 199, 218 (2007) (holding that where a prison's procedure did not require naming particular officials in a grievance, a court rule imposing such an exhaustion requirement was not warranted).

This court has held that, pursuant to the TDCJ's grievance process, a prisoner must pursue a grievance through both steps for it to be exhausted. *Johnson*, 385 F.3d at 515 (citing *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)). This court has also provided that "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems". *Wright*, 260 F.3d at 358 (holding that, although the only

remedy sought was money damages, "substantial compliance" by filing a step-one grievance constituted failure to exhaust).

With these principles in mind, we turn to whether Rosa properly exhausted his available remedies as provided by TDCJ's procedure. *See Bock*, 549 U.S. at 218. As discussed, the Texas prison system has a two-step grievance process.

A step-one grievance must be submitted within 15 days of the alleged incident. Grievance Manual, ch. III, p.11. "Any offender wishing to *appeal* a [step-one] response[,] must submit a [step-two] *appeal*" within 15 days of the receipt of the step-one response. Grievance Manual, ch. III, p.11 (emphasis added). "A [step-two] grievance may be filed when an [inmate] is *dissatisfied* with the Warden's response on the [step-one] grievance. Grievance Manual, ch. V, p.1 (emphasis added); *see also* TDCJ's Instructions on How to Write & Submit Grievances ("If you are not satisfied with the [step-one] response, you may appeal the [step-one] decision by filing a [step-two]".); Step 2 Form (requiring an inmate to state "reasons for appeal" and reasons for dissatisfaction with response at step-one).

Grievances that do not meet certain criteria may be returned to an inmate unprocessed. TDCJ Admin. Directive, AD-03-82, p.7. Some of the reasons for a grievance to be returned unprocessed include: failure to state requested relief; the issue presented is not grievable; no remedy exists; and inappropriate requests for employee disciplinary action or compensation for punitive damages. TDCJ Admin. Directive, AD-03-82, p.7, *see also* TDCJ's Instructions on How to Write & Submit Grievances.

Interpreting the exhaustion requirement in the light of its purpose of providing TDCJ an opportunity to address Rosa's complaint internally, *see Johnson*, 385 F.3d at 516, review of TDCJ's grievance procedure compels our holding Rosa properly exhausted his administrative remedies. The commencement of the investigation into Defendants' actions was all the relief Rosa could obtain through TDCJ's grievance process. Rosa obtained that relief at step-one, and TDCJ did not have the authority to take any other action in response to Rosa's step-two grievance, had one been filed. Because TDCJ could grant no further relief, no further relief was "available" to Rosa (for the reason that it had already been granted); and, accordingly, there was nothing further to exhaust. *See Booth*, 532 U.S. at 736 (exhaustion not required "where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint"). In that regard, the district court was correct in concluding that this matter does not involve a requirement of filing a step-two grievance that would have been "futile", but that nonetheless must be filed to properly exhaust.

Our holding is further supported by TDCJ's casting the step-two requirement as an "appeal" of the outcome at step one and instructing inmates that grievances will be returned unprocessed where "no remedy exists". Requiring inmates to appeal a favorable result and where no other remedy exists would contradict TDCJ's own instructions. (In addition, such a requirement would waste administrative resources.) In this regard, because TDCJ procedure clearly prohibits inmates from requesting punitive damages, Rosa properly exhausted despite the fact he did not request punitive damages in his step-one grievance.

Further, the purpose of the exhaustion requirement, namely giving TDCJ notice and an opportunity to resolve internal problems, was undeniably satisfied. As noted, as a result of the investigation, one Defendant was criminally prosecuted for his actions at TDCJ and is no longer employed there; another Defendant was disciplined; and the third Defendant's employment at TDCJ was terminated.

Finally, this court's unpublished, non-precedential decisions relied upon by Defendants, although instructive, are distinguishable. *See*, *e.g.*, *Aguirre v. Dyer*, 233 F. App'x 365, 2007 WL 1541327 (5th Cir. 2007) (holding that an inmate failed to exhaust where he failed to file a step-two grievance because his step one was referred to the Internal Affairs Division); *Palermo v. Miller*, 196 F. App'x 234, 2006 WL 1917947 (5th Cir. 2006) (failure to exhaust where an inmate erroneously believed it was unnecessary to file step two); *Castro v. Crawfoot*, 102 F. App'x 852, 2004 WL 1427106 (5th Cir. 2004) (failure to exhaust where response to step one was that complaint mandatorily referred to the Internal Affairs Division); *Garza v. Wauson*, 57 F. App'x 211, 2003 WL 147727 (5th Cir. 2003) (failure to exhaust where response to step one was that it would receive further administrative review by the Central Grievance Office and there was no record of response from that office). None of the above-discussed unpublished decisions dealt with the question presented here: whether an inmate must file a step-two grievance where his step-one grievance was resolved in his favor.

As stated, because TDCJ's procedure does not require a step-two grievance where an inmate received all relief he could obtain at step one, we hold that Rosa properly exhausted his administrative remedies.

10

## III.

For this interlocutory appeal, and for the foregoing reasons, the denial of summary judgment is AFFIRMED and this matter is REMANDED to district court for further proceedings.

AFFIRMED and REMANDED.