# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2013

No. 12-40993
Summary Calendar

Lyle W. Cayce
Clerk

PERRY PATTERSON,

Plaintiff-Appellant

v.

MEDICAL DIRECTOR REGINALDO STANLEY, Doctor at Telford Unit; MARIA BERGER, Physician Assistant at Telford; LIEUTENANT CANDICE STUDDARD, Lieutenant at Telford Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-5

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Perry Patterson, Texas prisoner # 1673121, is an inmate of the Texas Department of Criminal Justice (TDCJ) housed at the Telford Unit. He filed a 42 U.S.C. § 1983 complaint against Medical Director Dr. Reginaldo Stanley, physician's assistant Maria Berger, and correctional officer Lt. Candice Studdard. According to Patterson, Stanley and Berger discontinued his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prescription for sunglasses and ordered the sunglasses seized, a violation of the Eighth Amendment.   Patterson further alleged that he was then wrongly punished in a disciplinary proceeding for possession of contraband and that Studdard, who conducted the disciplinary hearing, violated his due process and Eighth Amendment rights.   Further, he alleged that Stanley retaliated against him by discontinuing prescriptions for pain medication, a hypertension diet, and housing restrictions.   Patterson now appeals the summary judgment dismissal of his complaint for failure to exhaust administrative remedies.

We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner must exhaust administrative remedies prior to filing a § 1983 action.  42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  The PLRA's exhaustion requirement is mandatory.  *Jones v. Bock*, 549 U.S. 199, 211-12 (2007).   Proper exhaustion is determined by reference to the state grievance procedures.  *Id.* at 217-18.  The TDCJ provides a two-step process for filing grievances, and a prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

With respect to Patterson's claims relating to the sunglasses, the district court concluded that because Patterson's grievances regarding the sunglasses did not name Berger or Stanley, Patterson had not exhausted his claims against them.   However, the "primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Johnson*, 385 F.3d at 522.  Nothing in the PLRA requires prisoners to identify all defendants that they later sue.   *Jones*, 549 U.S. at 217. Nevertheless, under the PLRA, a prisoner "must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require,

as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." *Johnson*, 385 F.3d at 522. However, a grievance may sufficiently identify a person even without providing a name. *Id.* at 523.

At Step 1 of grievance No. 2011178371, Patterson asserted that he had been prescribed sunglasses since his arrival at TDCJ and that the unit's "medical staff" decided to discontinue his prescription without an eye exam and consider them contraband. He also said he wished to see the duty roster to determine the identities of those responsible so that he could pursue a later civil rights suit. In his Step 2 grievance, Patterson complained that the Step 1 response was unresponsive noting that he had been charged in a disciplinary case for having contraband.

The appellees contend that Patterson failed to name Berger in any grievance and that, even if a reference to "medical staff" was sufficient, Patterson failed to raise any claims regarding his sunglasses at Step 2, focusing instead on his claim regarding the disciplinary proceeding and Studdard. However, they offer nothing to show that Patterson's reference to "medical staff" did not give prison officials notice and an opportunity to address Patterson's complaint about his sunglasses or that it did not comply with TDCJ requirements. Similarly, they point to nothing indicating that Patterson's omission of specific references to the denial of his sunglasses at Step 2 was insufficient notice. To the contrary, the Step 2 response stated that Patterson's complaint regarding medical staff had been referred to the Office of Professional Standards for review and that he was scheduled for an ophthalmology examination. The TDCJ did not reject his claims for failure to name any specific individuals involved or indicate that TDCJ was not aware that Patterson's Step 2 grievance was directed at the sunglasses issue that was raised at Step 1. These facts weigh against the argument that these purported defects in the grievances constituted a failure to exhaust. *See Gates v. Cook*, 376 F.3d 323, 331 n.6 (5th Cir. 2004). In sum, TDCJ's responses indicate that the purpose of

exhaustion–affording prison officials notice and an opportunity to resolve a problem prior to litigation–was satisfied. *See Johnson*, 385 F.3d at 522; *see also Woodford*, 548 U.S. at 89. Accordingly, we conclude that the district court erred by dismissing the claims against Berger and Stanley regarding the discontinuance of Patterson's prescription sunglasses for failure to exhaust.

With respect to Patterson's retaliation claims against Stanley, Patterson filed grievance No. 2012026031 asserting that Stanley had removed a low bunk restriction. As the district court correctly determined, the Step 2 grievance was not resolved until March 12, 2012, after Patterson filed his suit in January 2012. Exhaustion must be completed prior to filing suit; it may not be excused if exhaustion is achieved while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Thus, the district court correctly dismissed Patterson's retaliation claims against Stanley as unexhausted.

Patterson also contends that Studdard violated his constitutional rights with respect to the disciplinary proceeding against him. Patterson filed a Step 1 grievance, No. 2012020212, in which he complained about the result of the disciplinary proceeding and Studdard. The disciplinary matter was overturned. He did not file a Step 2 grievance. Although the district court concluded that the claim was thus unexhausted, Patterson received a favorable result at Step 1 and there is no indication that he could have obtained any additional relief at Step 2. We have held under similar circumstances that proceeding to Step 2 of the TDCJ grievance procedure is not required. *See Rosa v. Littles*, 336 F. App'x 424, 428-29 (5th Cir. 2009). Although *Rosa* is unpublished, we find its reasoning persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). Accordingly, the district court erred by dismissing the claims against Studdard as unexhausted.

For the foregoing reasons, we affirm the dismissal of the retaliation claims against Stanley; we vacate the dismissal of the claims against Stanley and Berger relating to the denial of prescription sunglasses and the claims against

No. 12-40993

Studdard with respect to the disciplinary proceeding; and we remand for further proceedings consistent with this opinion.  We express no opinion regarding the merits of Patterson's claims.

Patterson has filed a motion for appointment of counsel, a motion for injunction pending appeal, and a motion to expedite the appeal.  The motions are denied.  To the extent that Patterson contends he will require the assistance of counsel to pursue his claims in the district court, he may urge his motion on remand.

AFFIRMED IN PART, VACATED IN PART, REMANDED; MOTIONS DENIED.