# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

PERRY PATTERSON,

Plaintiff-Appellant

v.

MEDICAL DIRECTOR REGINALDO STANLEY, Doctor at Telford Unit;
MARIA BERGER, Physician Assistant at Telford; LIEUTENANT CANDICE
STUDDARD, Lieutenant at Telford Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-5

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Perry Patterson, Texas prisoner # 1673121, is an inmate of the Texas
Department of Criminal Justice housed at the Telford Unit. Patterson filed a
42 U.S.C. § 1983 complaint against Dr. Reginald Stanley, a physician at the
Telford Unit; Maria Berger, a physician's assistant at the Telford Unit; and Lt.
Candace Studdard, a correctional officer at the Telford unit. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

originally granted summary judgment in favor of the defendants because Patterson's various grievances were insufficient to exhaust his claims. On appeal, this court vacated the judgment dismissing the claims of deliberate indifference to Patterson's medical needs against Stanley and Berger and the due process claims against Studdard related to a disciplinary proceeding. *Patterson v. Stanley*, 547 F. App'x 510, 513 (5th Cir. 2013). On remand, the district court granted summary judgment in favor of the defendants.

As an initial matter, we address Patterson's motion for the appointment of counsel on appeal. Because he has not demonstrated the exceptional circumstances that would require the appointment of appellate counsel, *see Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), the motion is DENIED.

Patterson has also filed repeated requests for injunctive relief related to his current medical treatment regarding his vision and, primarily, his heart condition. We will grant injunctive relief in the first instance "only in exceptional cases." *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963). Patterson has not made the requisite showing. Accordingly, all of his motions relating to injunctive relief are DENIED.

On appeal, Patterson challenges the dismissal of his complaint arguing that the district court erred in granting summary judgment in favor of the defendants on his deliberate indifference and due process claims. We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012); FED. R. CIV. P. 56(a). Patterson asserts that the district court erred in dismissing his complaint that Berger and Stanley violated his constitutional rights by not renewing his medical passes for sunglasses and anti-embolism stockings. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate

indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994). Neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official should have perceived but did not is sufficient to establish deliberate indifference. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Patterson contends that Berger and Stanley, as highly trained and experienced medical professionals, simply could not make unintentional mistakes. Patterson has failed to allege any facts showing that Berger and Stanley were deliberately indifferent to his serious medical needs and has failed to show that the district court erred in granting summary judgment against him on this point.

With respect to the claim against Studdard, the district court found that Patterson's punishment of a reprimand and loss of recreation and commissary privileges was insufficient to trigger the due process protection contained in the Constitution. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As Patterson has not addressed the district court's finding based on *Sandin*, he has abandoned the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Dep. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.