**Dwayne Douglas JONES,**
**Plaintiff–Appellant**

v.

**FNU LAMB, Correctional Officer; Stephen Martin, Medical Provider; Neancy Mitchell, Medical Provider, Defendants–Appellees.**

**No. 14–41014**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 2016.

Dwayne Douglas Jones, Beaumont, TX, pro se.

Jennifer Lynn Daniel, Assistant Attorney General, Heather Kriscenski Rhea, Office of the Attorney General, Austin, TX, for Defendant–Appellee.

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Proceeding *pro se*, Dwayne Douglas Jones, Texas prisoner # 868482, challenges the summary judgment dismissing, for failure to exhaust administrative remedies, his 42 U.S.C. § 1983 complaint. A summary judgment is reviewed *de novo*, using the same standard employed by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir.2012); FED.R.CIV.P. 56(a).

A prisoner must complete a two-step formal grievance process to exhaust administrative remedies in the Texas prison system. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir.2004). The prisoner must file a Step 1 Grievance within 15 days of the complained-of incident. *Id.* If the prisoner is dissatisfied with the response, he has 15 days from the date of the warden's signature to file a Step 2 Grievance. *Rosa v. Littles*, 336 Fed.Appx. 424, 428 (5th Cir.2009). Once both steps are completed, the prisoner has properly exhausted his administrative remedies and may file an action. *See Johnson*, 385 F.3d at 515. Failure to completely exhaust prior to filing an action cannot be excused. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir.2012).

In that regard, Jones alleged his Step 2 Grievance form was timely because he did not receive the processed Step 1 form until a week before he filed the form. In any event, the summary-judgment record shows that he failed to exhaust his administrative remedies because he submitted his Step 2 Grievance more than 15 days after the warden signed his Step 1 Grievance. *See Rosa*, 336 Fed.Appx. at 428.

AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.