# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40494
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

HERNAN CORTEZ,

Plaintiff-Appellant

v.

JEFFREY RICHARDSON; VERNON B. MITCHELL, JR.; K. ANTHONY; SEAN F. MARSHALL; BRANDON STOTTS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1115

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges

PER CURIAM:[*]

Hernan Cortez, Texas prisoner # 01542111, filed a civil rights complaint against prison officials under 42 U.S.C. § 1983. He claimed that Sergeant Katrice Anthony used excessive force by using a chemical spray against him in his cell. After the screening stage dismissal of all claims except those against Anthony, *see* 28 U.S.C. § 1915A, the State moved for summary judgment on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40494

several theories: (1) Cortez failed to exhaust his administrative remedies when he filed his grievance 20 days late; (2) Anthony was entitled to qualified immunity because (a) Cortez did not suffer more than a *de minimis* injury and (b) Anthony's actions were not objectively unreasonable; and (3) Anthony was entitled to immunity under the Eleventh Amendment insofar as she acted in her official capacity.  The district court granted summary judgment on the basis of failure to exhaust and therefore dismissed the remaining claims. Cortez appeals the court's summary judgment ruling.

We review a summary judgment de novo, using the same standard as that employed by the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Under the Prison Litigation Reform Act (PLRA), a prisoner must "properly exhaust" administrative remedies prior to filing a § 1983 action.  *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  Exhaustion is mandatory and courts may not excuse the failure to exhaust.  *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012). Failure to exhaust is an affirmative defense, which must be demonstrated by the party advancing the defense.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  Proper exhaustion is determined by reference to the state grievance procedures.  *See, e.g., Jones v. Bock*, 549 U.S. 199, 217-18 (2007).

The State did not demonstrate that Cortez failed to exhaust his administrative remedies.  Notably, prison officials considered and rejected his grievance on the merits, at both the Step 1 and Step 2 stages.  As best interpreted under the doctrine of liberal construction, Cortez did not ask that the district court excuse a failure to exhaust but instead argued that prison officials' consideration of the substance of his grievance qualified as compliance

with the exhaustion requirement.  Cortez's argument is supported by case law.  *See Johnson v. Johnson*, 385 F.3d 503, 520 (5th Cir. 2004); *Gates v. Cook,* 376 F.3d 323, 331 n. 6 (5th Cir. 2004) (holding that prison officials could not argue that a prisoner's grievance failed to comply with procedural rules when the officials had looked past the purported technical defect and rejected the grievance for substantive reasons); *see also Patterson v. Stanley*, 547 F. App'x 510, 512 (5th Cir. 2013).  Because the district court improperly rejected this argument, it erred when it granted summary judgment on failure-to-exhaust grounds.

Therefore, we VACATE the district court's summary judgment dismissal of the claims against Anthony and REMAND for consideration of the other arguments for summary judgment.