# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2019

Lyle W. Cayce
Clerk

No. 17-40373
Summary Calendar

BRIAN RICHARDSON,

Plaintiff-Appellant

v.

OFFICER JOSHUA MOORE,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-359

Before HIGGINBOTHAM, ELROD and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Brian Richardson, Texas prisoner # 1619900, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. Finding no error we affirm.

We review the grant of summary judgment de novo, applying the same standard as the district court. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). A prisoner who wishes to file a § 1983 suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40373

for damages against prison officials must exhaust administrative remedies before doing so.  42 U.S.C. § 1997e(a); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The Texas prison system provides a two-step process for filing grievances, and a prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement.  *Johnson*, 385 F.3d at 515.  Although Richardson filed a Step 1 grievance, it is undisputed that he did not file a Step 2 grievance within the time allowed for doing so.  Richardson seeks to supplement the record on appeal with documents purporting to show that he did ultimately file a Step 2 grievance in this matter.  That motion is denied.  *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Even if we accept as true that Richardson did file a Step 2 grievance in this matter, by doing so in an untimely manner, he failed to properly exhaust his administrative remedies.  *See Woodford v. Ngo*, 548 U.S. 81, 89-95 (2006).

Richardson's contention that he was not required to file a Step 2 grievance because his Step 1 grievance was referred to the Office of the Inspector General is without merit.  *See Aguirre v. Dyer*, 233 F. App'x 365, 366 (5th Cir. 2007); *Palermo v. Miller*, 196 F. App'x 234, 235 (5th Cir. 2006); *Garza v. Wauson*, No. 02-10920, 2003 WL 147727, 1 (5th Cir. Jan. 7, 2003); *see also Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (recognizing that unpublished decisions issued after January 1, 1996, are not controlling precedent but may be considered persuasive authority under 5TH CIR. R. 47.5.4).

We conclude that the district court did not err in determining that Richardson failed to exhaust his administrative remedies.  We do not consider Richardson's argument, raised for the first time on appeal, that the flaws inherent in the prison system's grievance process have denied him the

No. 17-40373

constitutional right to access to the courts. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

    AFFIRMED.