# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2012

No. 11-31068

Lyle W. Cayce
Clerk

ANGELO A. GONZALEZ,

Plaintiff - Appellee

v.

RONNIE SEAL, Lieutenant; BLANDON VERNON SMITH, Lieutenant;
DOUG BROOKS, CSM; JONATHAN TYNES, CSM; ROBERT C. TANNER,
Warden, in his individual capacity; DARRELL PETERS, Lieutenant; LARRY
WEARY, CSM, in his individual capacity; BRUCE FORBES, EMT, in his
individual capacity; JERRY P. MILLER, Assistant Warden, in his individual
capacity; MIKE HARRELL, in his individual capacity; JAMES M. LEBLANC,
Department of Corrections, Secretary, in his individual capacity; KEITH
BICKHAM, Deputy Warden; RONALD BRANCH, Assistant Warden,

Defendants - Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:

In December 2009, Angelo Gonzalez, Louisiana prisoner # 114052, filed a
*pro se, in forma pauperis* civil rights complaint against employees of the
Louisiana Department of Corrections. His original and several amended
complaints asserted that threats and harassment had occurred periodically since
July 2006; that he had suffered an excessive use of force in July 2006 and on

No. 11-31068

November 11, 2009; that he had suffered a denial of medical care, a due process denial resulting from an extended stay in lockdown status; and state law assault and battery. He sought monetary damages and a declaratory judgment relieving him from the unconstitutional prison practices. The defendants moved for summary judgment, asserting that Gonzalez filed his federal lawsuit before exhausting the prison grievance process in violation of the Prison Litigation Reform Act ("PLRA"). The district court denied the motion. Because we find that pre-filing administrative exhaustion is required, we REVERSE the district court's order and REMAND for entry of judgment dismissing the complaint.

## I.

We have jurisdiction over interlocutory appeals pursuant to 28 U.S.C. § 1292(b). Our jurisdiction, however, "extends only to controlling questions of law" based on the legal issues certified by the district court. *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012). The district court certified two issues, and we accepted certification for interlocutory appeal. The issues certified to us are:

> (1) In light of the PLRA's mandatory exhaustion requirement, and the Supreme Court's decision in [*Ngo*], does the rule of *Underwood* still stand, which rule permits a district court to allow a prisoner's claims to go forward, where he had not exhausted remedies prior to filing suit, but has since exhausted such remedies; and where dismissal (1) would be inefficient *and* (2) would not further *either* (a) the interests of justice, *or* (b) the Congressional purposes behind the PLRA?

> (2) Assuming that the aforementioned rule of *Underwood* is still extant, may the district court apply the "interests of justice" exception to the exhaustion-of-remedies requirement, as it did in this case, to find that dismissal need not occur, on the basis that (1) the state has completed its administrative review process and rejected the prisoner's claims as meritless, and (2) the prisoner alleges continuous harm that the administrative review process has failed to address; without also determining under . . . § 1997e(c)(2) whether the prisoner's claim is frivolous, malicious, or otherwise legally meritless?

2

No. 11-31068

II.

We review the district court's denial of summary judgment *de novo.* *Fisher*, 667 F.3d at 609. Because we find that the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary, we do not reach the second question.

42 U.S.C. § 1997e(a) states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* There is no dispute that Gonzalez filed his section 1983 complaint before exhausting the prison grievance process available to him. The district court, however, declined to dismiss the complaint; instead exercising its discretion to excuse Gonzalez's failure to exhaust based on our decision in *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). In *Underwood*, we stated that "a non-jurisdictional exhaustion requirement may, in certain rare instances, be excused." *Id.* at 296. Like Gonzalez, Underwood did not exhaust the available administrative remedies until after he filed his section 1983 complaint. We rejected a "strict" reading of 42 U.S.C. § 1997e(a); instead adopting a discretionary test because "dismissing the suit and requiring [Underwood] to refile is inefficient," and mandatory pre-filing exhaustion "would not further the interests of justice or the Congressional purposes behind the PLRA." *Underwood*, 151 F.3d at 296.

Although *Underwood* was decided based on the text of section 1997e(a), the decision predates the Supreme Court decisions in *Woodford v. Ngo*, 548 U.S. 81 (2006)*,* and *Jones v. Bock*, 549 U.S. 199 (2007). Because *Woodford* and *Jones* addressed the PLRA pre-filing exhaustion requirement, we must revisit our decision in *Underwood* in the light of those decisions. *See, e.g., Trizec Properties,*

*Inc. v. U.S. Mineral Prods. Co.*, 974 F.2d 602, 604 n.9 (5th Cir. 1992) ("We are bound to prior panel opinions absent *en banc* reconsideration or a superseding contrary Supreme Court case . . . .").

In *Woodford*, the Supreme Court applied section 1997e(a) to a prisoner's federal complaint, filed after he missed prison grievance process deadlines. 548 U.S. at 87-88. The Court held that the prisoner had not properly exhausted his administrative remedies and ordered the case dismissed. In doing so, the Court concluded that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85. "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)) (footnote omitted). Furthermore, in *Jones*, the Court instructed that, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citing *Porter*, 534 U.S. at 524). The Court stated, "All agree that no unexhausted claim may be considered." *Id.* at 219-20.

After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion.[1] District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing

---

[1] We note that our decision only applies in the case where the defendant moves to dismiss for failure to exhaust administrative remedies. The issue of whether the court can raise the exhaustion issue *sua sponte* is not before us. But, *Jones* states, "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

No. 11-31068

their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

### III.

Gonzalez admittedly did not exhaust his available administrative remedies until after his section 1983 lawsuit was well underway.  Under *Woodford* and *Jones*, district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement.  Accordingly, the district court's denial of summary judgment is REVERSED and the case is REMANDED for entry of judgment dismissing the complaint.

REVERSED and REMANDED.