# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2013

Lyle W. Cayce
Clerk

No. 12-10864
Summary Calendar

WELDON BOYCE BRIDGES, also known as Weldon Bridges,

Plaintiff-Appellant

v.

N. ARNOLD, Warden; P. PONDER, Classification; DAVID R. BASSE, Medical
Director,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-15

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Weldon Boyce Bridges, Texas prisoner # 1585306, appeals from the
dismissal of his civil rights and disabilities complaint as unexhausted, as
frivolous, and for failure to state a claim, pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i)&(ii) and 42 U.S.C. § 1997e(a). Bridges's claims were based on
his belief that his 1995 disability determination by the Social Security

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Administration should be preclusive on the issue whether he can be assigned to work in prison.

As to exhaustion, Bridges contends that he should have been excused from the exhaustion requirement. The district court erred by finding that Bridges had failed to exhaust based solely on the response he gave on his complaint form. *See Jones v. Bock*, 549 U.S. 199, 212-14, 216 (2007). However, the record otherwise demonstrates that Bridges failed to exhaust his administrative remedies, and we can affirm on any basis that is apparent in the record. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Bridges filed into the record a copy of a step-two grievance response that was dated 14 days after he filed his complaint. The step-two grievance submitted by Bridges showed that he exhausted those remedies after he filed suit. A prisoner must fully exhaust administrative remedies before he files a lawsuit based on prison conditions. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because Bridges filed his lawsuit before he exhausted administrative remedies, the district court did not err by dismissing for failure to exhaust. Because the exhaustion dismissal was correct, we do not address Bridges's substantive contentions as to his work assignment or medical issues related to that work assignment.

The dismissal of Bridges's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). Bridges is cautioned that, should he accumulate three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED. SANCTION WARNING IMPOSED.