# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2014

Lyle W. Cayce
Clerk

DAVID M. CONKLIN,

Plaintiff-Appellant

v.

D. RANDOLPH, Law Librarian,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-867

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant David M. Conklin, Texas prisoner # 1789361,[1] filed a 42 U.S.C. § 1983 complaint against D. Randolph, the Law Librarian and Access to Courts Supervisor at the Travis County Jail, alleging that she filed a false disciplinary charge against him in retaliation for his use of the law library in filing grievances and lawsuits. Conklin sought declaratory relief, punitive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Conklin has identified two additional Texas prisoner identification numbers related to him, # 1732987 and # 01117195.

No. 13-50396

damages, and an order compelling Randolph to hire an attorney to defend the suit at her own expense. The district court dismissed Conklin's § 1983 complaint for failure to exhaust administrative remedies and as frivolous and malicious. On reconsideration, the district court ruled that the dismissal was appropriate in light of Conklin's failure to exhaust his administrative remedies.

On appeal, Conklin argues that the district court erroneously dismissed his case because the exhaustion requirement set forth in the Prison Litigation Reform Act (PLRA) should not be applied to his case. Alternatively, he argues that he could not exhaust his administrative remedies prior to his release from the Travis County Jail because prison officials were taking too long to respond to his grievances. He further contends that exhaustion would have been futile once he was released from the Travis County Jail.

Conklin also asserts, for the first time on appeal, that the PLRA exhaustion requirement is unconstitutional and that the district court erred by rejecting his claims without allowing him the opportunity to develop those claims further. As he raises these additional contentions for the first time on appeal, we will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The record reflects that Conklin is no longer confined at the Travis County Jail; he lists his current address as the Harris County Jail. If not raised by the parties, we are obligated to raise the issue of mootness sua sponte. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). In his complaint, Conklin sought declaratory relief as well as monetary damages. Conklin's claim for declaratory relief is mooted by his release from the Travis County Jail; however, his release did not moot his claim for damages. *See Board of Pardons v. Allen*, 482 U.S. 369, 371 n.1 (1987).

No. 13-50396

We review de novo a dismissal for failure to exhaust administrative remedies. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). Under the PLRA, prisoners must properly exhaust "such administrative remedies as are available" prior to filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Pre-filing exhaustion is mandatory," and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In Texas, prison grievances involve a two-step process. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012). To properly exhaust, the inmate must "pursue the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). The district court determined sua sponte that Conklin failed to exhaust his administrative remedies properly because he filed suit before he received a response to his Step I grievance. Although Conklin contends that the PLRA should not apply, he does so in reliance on state law provisions unrelated to the filing of a federal civil rights complaint. Thus, his argument is unavailing.

As Conklin instituted his § 1983 complaint five days after the disciplinary charge that was the subject of his § 1983 complaint was filed against him, the district court did not err in holding that the lack of exhaustion was readily apparent from the face of the complaint. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Therefore, Conklin has not shown that the district court erred by dismissing his § 1983 complaint for failing to exhaust his administrative remedies. *See Powe*, 177 F.3d at 394.

Conklin is subject to the bar set forth in 28 U.S.C. § 1915(g). We also warn Conklin that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, such as dismissal, monetary penalties, and

No. 13-50396

restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.   Conklin is further warned that, to avoid the imposition of sanctions, he should review any other appeals and actions that he has pending and move to dismiss any that are frivolous.

AFFIRMED; SANCTION WARNING ISSUED.