# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30559
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2014

Lyle W. Cayce
Clerk

WILLIAM LYNN RYAN,

Plaintiff-Appellant

v.

CHRISTOPHER PHILLIPS, Deputy; JOSEPH STRAIN, Deputy,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1266

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Lynn Ryan, Louisiana prisoner # 170357, appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that the defendants used excessive force. The magistrate judge (MJ), before whom the parties consented to proceed, granted the defendants summary judgment on the basis that Ryan failed to exhaust administrative remedies prior to filing his complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30559

The MJ did not err in determining that Ryan failed to exhaust administrative remedies. *See Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010); 42 U.S.C. § 1997e(a). Ryan's conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Further, while Ryan asserts that he stopped seeking relief at an unspecified stage of the grievance process after he did not receive a timely response, he has not shown that he exhausted the available legal remedies and filed his § 1983 complaint after he pursued all remedies to their conclusion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). The alleged lack of response from prison officials did not relieve him of his duty to fulfill the exhaustion requirement. *See Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). His suggestion that his failure to exhaust should be excused because he was fearful that he would be retaliated against if he pursued his grievances is unavailing. *See Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012).

AFFIRMED.