# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2014

Lyle W. Cayce
Clerk

PATRICK NEWTON GREEN,

Plaintiff - Appellant

v.

GEORGE STEPHENSON,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-2182

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Patrick Newton Green, Louisiana prisoner # 113219, proceeding *pro se* and *informa pauperis*, appeals the summary-judgment dismissal of his action, filed pursuant to 42 U.S.C. § 1983, for his failure to exhaust administrative remedies, in violtion of 42 U.S.C. § 1997e(a).

This court reviews a grant of summary judgment *de novo*, using the same standard as that employed by the district court. *E.g.*, *Carnaby v. City of Hous.*,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-31155

636 F.3d 183, 187 (5th Cir. 2011).   Summary judgment is appropriate if the record discloses "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).  "We may affirm the district court's judgment on any basis supported by the record."  *United States v. Clay*, 408 F.3d 214, 218 n.7 (5th Cir. 2005) (citation omitted).

Before filing a § 1983 action against prison officials, a prisoner must exhaust his administrative remedies.  42 U.S.C. § 1997e(a).  For that purpose, a Louisiana inmate must use the two-step, administrative-remedy procedure (ARP) to file a formal grievance.  La. Admin. Code tit. 22, § 325(D)(1); *see Dillon v. Rogers*, 596 F.3d 260, 265–66 (5th Cir. 2010).  Exhaustion being mandatory, unexhausted claims may not be considered and "cannot be brought in court".  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (citation and internal quotation marks omitted).

Green's first step of the ARP was stamped as received on 8 December 2011, the same day this § 1983 action was filed.  Because Green filed this action before completing both steps of the ARP, he did not exhaust his administrative remedies.

AFFIRMED.