# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60790
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

JAMES CURRY, JR.,

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS, State of Mississippi; LEE COUNTY CIRCUIT; MONROE COUNTY CIRCUIT; KATTIE FRY BROWN, Lieutenant; ALFIYA HOWARD, Nurse; UNKNOWN HINDS, Captain; UNKNOWN WILLIAM, Captain; UNKNOWN FIELD, Captain; UNKNOWN SUMMERVILLE, Lieutenant; UNKNOWN NEYLORD, Case Manager; UNKNOWN BURK, Officer; LONNIE UNKNOWN, Officer; ET AL; UNKNOWN FRANK, Sergeant; UNKNOWN ARMOR, Sergeant; UNKNOWN BEAMON, Officer; UNKNOWN WINTER, Shift Lieutenant; UNKNOWN DAVIS, Lieutenant; UNKNOWN ROBERTSON, Officer; UNKNOWN MORRIS, Officer; CAPTAIN FRAZIER; SERGEANT ANDERSON; LIEUTENANT MCGEE; CAPTAIN WESLEY; OFFICER SHIELD; LIEUTENANT THORNTON; JAMES HOLMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-76

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

No. 13-60790

PER CURIAM:[*]

James Curry, Jr., Mississippi prisoner # T5448, filed a 42 U.S.C. § 1983 complaint against the Mississippi Department of Corrections (MDOC) and numerous MDOC employees, generally challenging the conditions of his confinement in a MDOC facility in late 2012 and early 2013. The magistrate judge (MJ) concluded that Curry had failed to exhaust his administrative remedies with respect to these allegations and dismissed Curry's complaint without prejudice. Curry now appeals this ruling. He does not challenge the MJ's dismissal of MDOC and other defendants on immunity grounds, and he does not brief any objection to the MJ's conclusion that claims against other defendants were not properly before the court; such arguments are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Although the MJ dismissed Curry's complaint based on a defendant's motion to dismiss, because the MJ took into account documents outside the pleadings, the motion was converted to a motion for summary judgment. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 745 (5th Cir. 1986). We review a grant of summary judgment de novo, applying the same standard that was used by the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). A district court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Curry does not argue that he in fact exhausted his administrative remedies. Instead, he contends that he was entitled to file in federal court because prison officials failed to review his grievances in a timely manner. We have excused the exhaustion requirement if prison officials have ignored or interfered with an inmate's pursuit of his administrative remedies. *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). The record reflects that Curry's Step One grievances challenging the conditions that he raised in his § 1983 complaint were returned to him because he failed to comply with the procedural filing rules. Thus, the defendants did not interfere with his pursuit of administrative relief; rather, Curry's litigiousness and failure to follow the procedural rules for submitting a grievance prevented him from exhausting. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Curry intimates that one of his grievances, which was rejected as a "multiple complaint," may have been misdirected to another inmate. Even if Curry did not receive actual notice of the rejection of this Step One grievance, prison regulations merely entitled him to proceed to the "next step" of the grievance process. *See Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998), *overruled by implication on other grounds by Jones*, 549 U.S. at 212-17. Curry's conclusional assertion that prison officials refused to turn in grievances is insufficient to overcome summary judgment. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Additionally, to the extent that Curry has presented evidence that he completed the administrative remedy process after the filing of his lawsuit, he has not established that he properly exhausted. *See Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012).

Because Curry has not established that the MJ erred in rejecting his civil rights complaint based on his failure to exhaust administrative remedies, the

No. 13-60790

judgment of the MJ is AFFIRMED.  *See Jones*, 549 U.S. at 218; *Nickell*, 636
F.3d at 754.