# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

DAVID EARL KEITH,

Plaintiff-Appellant

v.

ROSADO, Property Officer; BAKER, Property Officer; COOK, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1482

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Earl Keith appeals the district court's dismissal of his civil rights complaint for failure to exhaust his administrative remedies. Keith contends that the exhaustion requirement does not apply to his case because "there is no administrative remedy available and extraordinary circumstances exist."

We review de novo a dismissal for failure to exhaust administrative remedies. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). Under the Prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20366

Litigation Reform Act, prisoners must properly exhaust "such administrative remedies as are available" prior to filing a § 1983 action concerning prison conditions.  42 U.S.C. § 1997e(a).  Exhaustion is mandatory, and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint."  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

After reviewing Keith's complaint, the district court determined that Keith failed to exhaust both steps in the Texas Department of Criminal Justice administrative grievance remedies prior to filing his complaint.  On appeal, Keith does not dispute that he failed to exhaust his administrative remedies.  Because exhaustion is mandatory, the district court did not err in dismissing Keith's complaint for failure to exhaust.  *See Gonzalez*, 702 F.3d at 788.  Additionally, even if the exhaustion requirement could be excused, apart from his conclusional assertions, Keith does not describe extraordinary circumstances that justify relief from the exhaustion requirement or otherwise explain why exhaustion is unavailable.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Thus, Keith has "effectively abandoned" any challenge to the district court's dismissal of his complaint for failure to exhaust.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

AFFIRMED.