**Francis CHERRY, Plaintiff–Appellant**

**v.**

**Elgene G. MAINOUS, DDS; University of Texas Medical Branch John Sealy Galveston; Michael Pampalon, DDS, Defendants–Appellees.**

No. 14–20531
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 31, 2015.

Francis Cherry, Lovelady, TX, pro se.

---

George William Vie, III, Mills Shirley, L.L.P., Houston, TX, Patrick Todd Pope, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendants–Appellees.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: [*]

Francis Cherry, Texas prisoner # 1517796, filed a 42 U.S.C. § 1983 action against Dr. Elgene Mainous and the University of Texas Medical Branch John Sealy Galveston (UTMB) seeking damages for injuries he suffered as the result of dental work that Cherry underwent at UTMB. The district court granted UTMB's motion to dismiss and Dr. Mainous's motion for summary judgment. Though it originally granted Cherry's request to amend the complaint to add Dr. Michael Pampalon as a defendant, the court later withdrew that order, finding that Cherry had not exhausted his administrative remedies with regard to his claims against Dr. Pampalon.

Cherry has moved for leave to file two supplemental briefs. That motion is granted. He focuses the majority of his argument on the actions of Dr. Pampalon. We review for abuse of discretion the denial of leave to amend pleadings. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir.2009). The district court should freely give a plaintiff permission to amend his complaint, FED.R.CIV.P. 15(a)(2), and should give pro se plaintiffs "every reasonable opportunity to amend," *Pena v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir.1998). However, the court need not permit amendment where it would be futile to do so or where the amended complaint would be subject to dismissal. *See Ackerson*, 589 F.3d at 208; *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir.2005).

Under the Prison Litigation Reform Act, before a prisoner may file a § 1983 action, he must properly exhaust administrative remedies. 42 U.S.C. § 1997e(a); *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir.2010). This court has emphasized that "pre-filing exhaustion of prior grievance process is mandatory" and that district courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir.2012). Cherry has acknowledged in both the district court and in this court that he has not completed the prison grievance procedure as to his complaints against Dr. Pampalon. Because Cherry's claims against Dr. Pampalon would have been subject to dismissal based on the failure to exhaust, the district court did not abuse its discretion in denying Cherry permission to amend the complaint to add those claims. *See Ackerson*, 589 F.3d at 208; *Jones*, 427 F.3d at 994.

Cherry also suggests that the district court improperly granted summary judgment in favor of Dr. Mainous, arguing that he is liable under a theory that he did not properly supervise Dr. Pampalon. We review a grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir.2011). Summary judgment is appropriate if the evidence shows that there is no genuine dispute as to any material fact. *Id.;* FED. R.CIV.P. 56(a). To establish a claim under the Eighth Amendment, a prisoner must

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

show that an official was deliberately indifferent to a serious medical. *Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Though, under § 1983, supervisors are not liable based on a theory of vicarious liability, they "can be held liable when the enforcement of a policy or practice results in a deprivation of federally protected rights." *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 468 (5th Cir.2010) (internal quotation marks and citation omitted).

At the summary judgment stage, Cherry came forward with no evidence that Dr. Mainous was responsible for enforcing a policy or practice that deprived Cherry of his constitutional rights; indeed, he came forward with no evidence at all in response to Dr. Mainous's motion for summary judgment. Accordingly, Cherry has not shown that the district court erred.

As for UTMB, the district court dismissed the claims against it on the ground that it was a state agency immune from suit. Cherry identifies no flaw in the court's analysis. Because he has not addressed the basis for the decision to dismiss the claims against UTMB, he has abandoned this issue, *see Hughes v. Johnson,* 191 F.3d 607, 613 (5th Cir.1999), and we decline to address it, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

Cherry's motion to file supplemental briefs is GRANTED. The district court's judgment is AFFIRMED.

---

* Pursuant to 5 TH C IR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5 TH C IR. R. 47.5.4.