# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

ERIC DE'JUAN JONES,

Plaintiff-Appellant

v.

E. L. SPARKMAN; UNKNOWN EMCF DISCIPLINARY RECORDS CUSTODIAN; UNKNOWN EMCF ERS OFFICER; 6/7/2012 MDOC RECORDS PERSONNEL; UNKNOWN EMCF COMPLIANCE OFFICER; CHRISTOPHER EPPS; EDDIE CATES; TYEASA EVAN; NURSE E. DUNN; DOCTOR HUGGINS, in Individual and Official Capacities; FIRST NAME UNKNOWN CLARKE, in Individual and Official Capacities; FIRST NAME UNKNOWN WALKER, in Individual and Official Capacities; J. HERSEY; JOHN DOES, Unknown 6/5/2012 Memo Receivers; FRANK SHAW, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-982

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60266

Eric De'Juan Jones, formerly Mississippi prisoner # 50222, appeals the dismissal of his lawsuit, brought pursuant to 42 U.S.C. §§ 1983 and 1985, for failure to exhaust administrative remedies. He alleges that prison officials forcibly injected him with anti-psychotic medication against his will and without his informed consent as part of a conspiracy to deprive him of good time credits. He argues that, because he exhausted his administrative remedies with regard to the good time credit claim, his medical claims should be deemed exhausted. Alternatively, he argues that exhaustion should not apply because he was in imminent danger and that a jury should decide the exhaustion issue. Jones also moves for appointment of counsel and for leave to consolidate the instant case with his 28 U.S.C. § 2254 proceeding.

This court reviews a dismissal for failure to exhaust administrative remedies de novo. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner who wishes to file a § 1983 suit for damages against prison officials must exhaust administrative remedies before doing so. 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief, he must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 93-96 (2006). Exhaustion must be completed prior to filing suit; it may not be excused if exhaustion is achieved while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Because Jones fails to challenge the district court's determination that he did not timely exhaust his claims related to the forced injection of anti-psychotic medication, he has abandoned the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Jones's argument that his medical

No. 15-60266

claims should be deemed exhausted in light of the fact that the defendants' actions were in furtherance of the conspiracy to deprive him of earned good time credit is unavailing. Jones's unsupported conspiracy allegations are speculative at best and, as such, are insufficient to raise a constitutional issue. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Moreover, his administrative remedy requests regarding his lost good time credit were insufficient to exhaust his forcible injection claims. *See Ngo*, 548 U.S. at 89.

Jones's alternative arguments are also without merit. Jones's contention that exhaustion should be excused because he was in imminent danger is belied by his subsequent release from prison and the absence of evidence of physical harm in the record. Furthermore, his contention that exhaustion is an issue that should be decided by a jury is contrary to law. *See* § 1997e(a); *Ngo*, 548 U.S. at 93-96.

The judgment of the district court is affirmed. Jones's motions for appointment of counsel and for leave to consolidate this case with his § 2254 application are denied.

AFFIRMED. MOTIONS DENIED.