# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41041

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2019

Lyle W. Cayce
Clerk

VICTOR H. CANALES,

> Plaintiff−Appellant,

versus

CAPTAIN H. AYALA; NURSE GUERRA;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE MEDICAL;
J. THOMAS, Practice Manager Texas State Prison;
RUDY AGUIRRE, JR., Gang Intelligence Officer at Texas State Prison;
MELODY M. SCHUSTER, Lieutenant Texas State Prison,

> Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:17-CV-154

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Victor Canales, Texas prisoner #2064303, filed a complaint under 42 U.S.C. § 1983 against various officials at the Texas Department of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41041

Justice ("TDCJ") transfer facility, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court dismissed without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Canales timely appealed and moved to proceed *in forma pauperis* ("IFP") on appeal. The district court denied the IFP motion and certified that the appeal was not taken in good faith.

Challenging the district court's certification, Canales moves for leave to proceed IFP on appeal. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If the court upholds the district court's certification, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). But if the appeal is frivolous, this court may dismiss it *sua sponte*. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

Although Canales filed a step one grievance in July 2017, he does not dispute that he failed to complete the grievance process before he filed his complaint in August 2017. Under the Prison Litigation Reform Act ("PLRA") "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Canales's failure to exhaust was not remedied by exhaustion during the federal proceeding. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Canales has not shown that the district court erred in dismissing his complaint

No. 18-41041

for failure to exhaust his administrative remedies.  *See id.*

Canales has not shown that there is a nonfrivolous issue on appeal.  *See Howard*, 707 F.2d at 220.  Therefore, the district court did not err in holding that the appeal was not taken in good faith.  *See id.* at 219–20.  Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Canales's motion for appointment of counsel is also DENIED.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762–63 (2015).  Canales is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).