# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2022

Lyle W. Cayce
Clerk

No. 20-60323
Summary Calendar

Dean C. Boyd,

*Plaintiff—Appellant*,

*versus*

Justin Gower; Chrislind Charenzenke,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-509

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Dean C. Boyd, Mississippi prisoner # 167698, appeals the summary judgment dismissing his 42 U.S.C. § 1983 civil rights complaint due to the failure to exhaust available administrative remedies.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60323

We review the grant of summary judgment for failure to exhaust de novo and apply the same standard as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Section 1983 complaints challenging prison conditions have been properly exhausted when the plaintiff "'complete[d] the administrative review process in accordance with the applicable procedural rules.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). We take judicial notice of the Administrative Remedy Program (ARP) adopted by the Mississippi Department of Corrections and posted on its website in the inmate handbook. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005).

Boyd has not raised a genuine dispute regarding his exhaustion of administrative remedies as he conceded that he did not pursue his grievance through the two-step process before filing his complaint. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). His argument that he satisfied the ARP process is belied by the record. Furthermore, Boyd cannot be excused from the exhaustion requirement as it is mandatory and not subject to exceptions based on the circumstances in individual cases. *See Jones*, 549 U.S. at 211. He has not raised a genuine issue of material fact as to whether the prison grievance procedures are so opaque that they are "incapable of use." *Ross v. Blake*, 578 U.S. 632, 643 (2016). We decline to consider Boyd's argument raised for the first time on appeal that he later filed multiple grievances relating to the events that are the subject of this lawsuit and pursued those grievances to the conclusion of the ARP process. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.