# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2022

Lyle W. Cayce
Clerk

No. 21-30540
Summary Calendar

Brandon Matthew Alwell,

*Plaintiff—Appellant*,

*versus*

James M. LeBlanc; Jerry Goodwin; Angie Huff; Tyrone Mays; Vincent Coleman; Kevin Hill; Corey Reed; DeMarcus Warren; JaMichael Moore; Sgt. Glass; JaMario Coleman; Paula Millwee; Joel Williams; C. Frazier; Jeffrey Jackson, *Nurse*; Jeffery Bruce Fuller,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CV-465

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30540

Brandon Matthew Alwell, Louisiana prisoner # 595251, filed a pro se civil rights complaint against numerous employees of the Louisiana Department of Public Safety and Corrections and the David Wade Correctional Center. On a motion for summary judgment, the district court found that Alwell failed to exhaust his administrative remedies as to most of his claims and dismissed them without prejudice. With respect to Alwell's alleged denial of medical care on November 22, 2019, the district court found that he could not establish that any of the defendants had been deliberately indifferent to his serious medical needs. The district court dismissed this claim with prejudice. We review the grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011); Fed. R. Civ. P. 56(a).

A prisoner who wishes to file a § 1983 lawsuit for damages against prison officials must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). District courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance procedure before filing a § 1983 complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). Alwell asserts that his grievance filed on December 10, 2019, addressed all the issues he raised in his § 1983 complaint. The record refutes this assertion. Alwell has not shown that the district court erred in dismissing his claims without prejudice for failure to exhaust his administrative remedies. *See Gonzalez,* 702 F.3d at 788.

Alwell has abandoned all other issues on appeal by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8). The judgment of the district court is AFFIRMED.