# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 20-60327
Summary Calendar

Dean C. Boyd,

*Plaintiff—Appellant*,

*versus*

M.D. Edward Thomas Cullom, III;
Captain Denise Bone,
*Mississippi Department of Corrections Employee State of Mississippi*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:18-CV-123

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Dean Boyd, Mississippi prisoner #167698, appeals the summary judgment dismissing his 42 U.S.C. § 1983 claim for failure to exhaust available

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

administrative remedies and the dismissal of his state-law tort claim. His motion to reconsider the striking of his reply brief is DENIED.

We review a summary judgment for failure to exhaust *de novo* and apply the same standard as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Section 1983 complaints challenging prison conditions have been properly exhausted where the plaintiff "'complete[d] the administrative review process in accordance with the applicable procedural rules.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Boyd has not shown a genuine dispute of material fact as to whether he exhausted available administrative remedies, given that he conceded that he did not pursue his grievance through the two-step process before filing his complaint. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). His later grievances that he purportedly pursued to conclusion do not establish that the exhaustion requirement was satisfied before filing suit. *See id.* Moreover, his motion for judicial review in state court shows efforts to circumvent the ARP procedures rather than demonstrating exhaustion because inmates must comply with the institutional grievance procedures. *See Jones*, 549 U.S. at 218.

As for the dismissal of his state law tort claim, Boyd merely reiterates the arguments he presented to the magistrate judge ("MJ") and does not challenge the MJ's determinations that he failed to provide the requisite notice of intent to sue and failed to allege a claim amounting to an Eighth Amendment violation. Although *pro se* briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), arguments must be briefed to be preserved, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Boyd

No. 20-60327

abandons, by failing to brief, any challenge to the alternative reasons the MJ gave for the dismissal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.