# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 20-40570
Summary Calendar

Richard Simons,

*Plaintiff—Appellant*,

*versus*

Lorie Davis, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Eric Johnston, *Director, Texas Department of Criminal Justice Inmate Commissary and Trust Funds*; Pamela Pace, *Practice Manager, University of Texas Medical Branch/Michael Unit*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-328

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Richard Simons, an inmate in the custody of the Texas Department of Criminal Justice, brings a Section 1983 suit against three prison officials

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

alleging they violated his constitutional rights when they withdrew money from his inmate trust fund to pay an annual medical co-pay. The district court dismissed his claims for money damages as barred by the Eleventh Amendment and his claims for injunctive relief as unexhausted. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2017, Pamela Pace, the Michael Unit practice manager at the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ") authorized a deduction of $100 from inmate Richard Simons's account. The deduction was made to pay an annual medical co-pay fee. Simons believed this withdrawal and other related withdrawals were improper because the funds in his account were exempt from garnishment. He says he filed an interoffice communication form, known as an I-60 inmate request, with Pace but never received a response. On November 7, 2017, he filed a Step 1 Grievance Form with TDCJ regarding the withdrawal. TDCJ rejected the grievance as untimely, so he filed a Step 2 Grievance Form on November 14, 2017, which was also rejected.

Simons filed another I-60 inmate request just under a year later on September 31, 2018 with Eric Johnston, the Director of the Inmate Commissary and Trust Funds for TDCJ, regarding the allegedly improper withdrawals. Johnston also did not respond.

On July 5, 2018, Simmons filed a *pro se* complaint under 42 U.S.C. § 1983 to continue challenging these withdrawals. He brought the suit against Johnston, Pace, and Lorie Davis, the Director of TDCJ, and claimed the withdrawal violated his constitutional rights. *See* 38 U.S.C. § 5301; Simons sought both unspecified monetary and injunctive relief.

No. 20-40570

The defendants moved to dismiss Simons's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motion was referred to a magistrate judge, who recommended dismissing Simons's claims for monetary relief because they were barred under the Eleventh Amendment. The district court agreed and dismissed Simons's claims to the extent he sought money damages from the defendants.

The defendants then filed a motion for summary judgment on Simons's claims for injunctive relief. They argued that Simons had not exhausted his claims through the TDCJ's two-step grievance procedure. The magistrate judge issued a report and recommendation that recommended granting the defendants' motion for summary judgment. Simons filed objections, but the district court agreed with the magistrate judge and granted summary judgment on Simons's remaining claims. Simons appealed both the grant of summary judgment and prior dismissal.

## DISCUSSION

"We review both a motion to dismiss and a motion for summary judgment under a *de novo* standard of review." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000). When reviewing a motion to dismiss, we "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citations omitted). Dismissal under Rule 12(b)(6) is appropriate where the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the court lacks the statutory or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (citation omitted).

No. 20-40570

When reviewing a grant of summary judgment, we "view[] all evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (citation omitted). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

We start with Simons's claims for money damages against the defendants. The Eleventh Amendment bars suits for money damages against the defendants in their official capacities as employees because TDCJ is an instrumentality of the state. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Dismissing Simons's claims for money damages was correct.

Summary judgment was granted on Simons's remaining claims for injunctive relief because he failed to exhaust all administrative remedies. The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before bringing a Section 1983 suit. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing 42 U.S.C. § 1997e(a)). To exhaust a claim, a prisoner must comply with the agency's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

TDCJ has a two-step grievance process for inmates who wish to raise a complaint. First, the inmate must file a Step 1 Grievance Form within 15 days of the date of the incident or occurrence of the issue. If the inmate is not satisfied with the response to his Step 1 Grievance Form, he may appeal through a Step 2 Grievance Form, which must be filed within 15 days of the date the Step 1 Grievance Form was returned to the inmate.

The record shows Simons filed his Step 1 Grievance Form on November 7, 2017 — approximately three months after the withdrawal occurred. Simons therefore did not meet the deadline to file his Step 1 Grievance Form and did not exhaust his administrative remedies. Contrary to Simons's argument that his I-60 form tolled the 15-day period to file a Step 1 Grievance Form, there appears to be no such provision in TDCJ's grievance policy, and Simons does not identify one. The district court cannot excuse a prisoner's failure to properly exhaust the prison grievance process before filing a complaint. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Accordingly, the district court did not err in granting summary judgment on Simons's claims for injunctive relief for failure to exhaust his administrative remedies.

AFFIRMED.