# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-20582
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2023

Lyle W. Cayce
Clerk

Agustin Calderon,

*Plaintiff—Appellant*,

*versus*

Assistant Warden T. Hutto; Captain Austin; Jeffrey Richardson, *Senior Warden*; Mental Health Doctor Ortiz; Major Bobby Rigsby; Caleb Brumley,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-812

———————————————————————

Before Stewart, Dennis, and Willett, *Circuit Judges*.
Per Curiam:[*]

Agustin Calderon, Texas prisoner # 2200225, appeals the dismissal without prejudice of his civil rights complaint for failure to exhaust administrative remedies. On appeal, he contends that the district court erred by dismissing his claims for failure to exhaust his administrative remedies

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20582

because this failure can be excused by his allegations of imminent danger at the time of filing. We review "the grant of summary judgment *de novo*, applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted).

It is undisputed that Calderon failed to properly exhaust his administrative remedies, insofar as he filed his federal complaint nearly one month before he received a disposition of his Step Two appeal. *See Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("It is irrelevant whether exhaustion is achieved during the federal proceeding."). The question is whether, as Calderon claims, this failure can be excused by his allegations of imminent danger at the time of filing. It cannot.

We have addressed and rejected similar arguments in the context of the danger posed by the COVID-19 pandemic and the aftermath of Hurricane Katrina. *See Valentine v. Collier*, 978 F.3d 154, 160-62 (5th Cir. 2020) (holding that the Prison Litigation Reform Act's (PLRA) exhaustion requirements were not excused by the COVID-19 pandemic); *Dillon*, 596 F.3d at 270 (rejecting the argument that an inmate's failure to exhaust administrative remedies should be excused based on the "reprehensible" conditions at the temporary facility he was evacuated to following Hurricane Katrina). "[E]mergencies are not license to carve out new exceptions to the PLRA's exhaustion requirement, an area where our authority is constrained." *Valentine*, 978 F.3d at 161 (internal quotation marks and citation omitted).

AFFIRMED.

2