# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2024

Lyle W. Cayce
Clerk

No. 23-40224
Summary Calendar

---

Jimmie Mark Parrott, Jr.,

*Plaintiff—Appellant*,

*versus*

UTMB Correctional Managed Health Care; Joni White;
Vivian Davis; Yvette Hall; Tamina Brazil; Emma Davis;
Edward Delone; Kevin Smith,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-475

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jimmie Marl Parrott, Jr., Texas prisoner # 1621310, filed suit against
the University of Texas Medical Branch (UTMB) Correctional Managed
Health Care, two individuals employed by UTMB, and five individuals
employed by the Texas Department of Criminal Justice. Parrott alleged that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the defendants had been deliberately indifferent to his serious medical needs while he was housed in the Stiles Unit.

The district court dismissed UTMB Correctional Managed Health Care from the suit and dismissed the claims against the individual defendants in their official capacities and against Kevin Smith in his individual capacity. Parrott does not challenge these dismissals. Emma Davis moved for summary judgment arguing that Parrott had failed to exhaust his administrative remedies, that he failed to show a violation of his constitutional rights, and that she was entitled to qualified immunity. The other defendants also moved for summary judgment arguing that they were entitled to qualified immunity because Parrott failed to show a violation of his constitutional rights. The district court found that there was no genuine issue of material fact regarding Parrott's failure to exhaust his administrative remedies for his claim against Emma Davis, or whether the other defendants had been indifferent to Parrott's serious medical needs. The district court entered final judgment dismissing the complaint with prejudice. Parrott appeals the dismissal.

As a preliminary matter, the district court did not abuse its discretion in granting Emma Davis an extension of time in which to file her motion for summary judgment. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161-62 (5th Cir. 2006). With respect to the substance of Parrott's complaint, "[we] review[] a summary judgment *de novo*, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Parrott has failed to show that there is a genuine issue of material fact that he exhausted all his claims against Emma Davis. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Additionally, he has failed to show a genuine issue of material fact that the defendants had been deliberately indifferent to his serious medical needs by the unnecessary and wanton infliction of pain. *See Easter v. Powell*,

No. 23-40224

467 F.3d 459, 463 (5th Cir. 2006). As found by the district court, the record shows that Parrott's medical condition was monitored and that his medical restrictions were increased as necessary. Parrott's suggestions of negligence or medical malpractice and his disagreement with his medical care do not constitute deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Parrott has abandoned all other issues. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Parrott has moved for appointment of counsel, but this appeal does not present any exceptional circumstances. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Accordingly, the motion for appointment of counsel is DENIED, and the judgment of the district court is AFFIRMED.