# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 12-40948
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTIAN MCMILLAN,

Plaintiff-Appellant

v.

DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; GUILLERMO DELAROSA; JOHN RUPERT; KEVIN WHEAT; JOHN WISENER; AMAHDRICK CHRISTOPHER; MARIO AVELAR; SEAN HODGES; LARRY MATTHEWS; TOMMY PHARIS; CHRISTOPHER POOLE; MACHELL RAMBO; MICHAEL SPIRES; JUAN GONZAEZ; JAMES HANSON; LASHONDRA KNOX; JACOB MARCUM; KIRK SPRUIELL; BENNIE COLEMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-292

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Christian McMillan, Texas prisoner # 1651635, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies, denial of his motions for injunctive relief, and denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. In his complaint, McMillan complained of searches involving sleep-deprivation and painful restraints.

We review de novo a dismissal for failure to exhaust administrative remedies, *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999), and review the denial of a Rule 59(e) motion to alter or amend a judgment for an abuse of discretion, *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). While the denial of a temporary restraining order is not appealable in light of the likelihood of mootness, *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990), we review the denial of a preliminary injunction for an abuse of discretion, *SEC v. First Fin. Group of Tex.*, 645 F.2d 429, 433 (5th Cir. 1981).

Prisoners must properly exhaust "such administrative remedies as are available" prior to filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 218 (2007). Requests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused, *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Texas Department of Justice (TDJC) has a two-step grievance process. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012). The district court determined, sua sponte, that McMillan failed to properly exhaust his administrative remedies because he filed suit before he received a response to his Step 2 grievance. Although McMillan asserts that he exhausted the available administrative remedies by filing an emergency grievance, he does not point to any TDCJ policy that exempts an emergency grievance from the two-step grievance process or otherwise indicates that filing an emergency grievance completes the grievance process.

To the extent that the district court erred by raising exhaustion sua sponte, *see Jones*, 549 U.S. at 216; *Gonzalez*, 702 F.3d at 788 n.1, the record otherwise demonstrates that McMillan failed to exhaust his administrative

remedies by completing the two-step grievance process prior to filing suit, and we can affirm on any basis that is apparent in the record, *see Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

McMillan's remaining complaints that the district court made improper credibility determinations in characterizing his allegations, should have conducted a hearing to resolve the merits of his motion for a temporary restraining order, and failed to rule on his motions for injunctive relief are unavailing. They are predicated on McMillan's assumption that the district court could have reached his requests for injunctive relief notwithstanding his failure to exhaust; the district court correctly denied all pending motions for the implicit reason that McMillan had failed to exhaust his administrative remedies prior to filing suit and thus was not entitled to injunctive relief or to proceed in the instant action.

The judgment of the district court is AFFIRMED.