# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2021

Lyle W. Cayce
Clerk

No. 19-50514

BILAL MUHAMMAD,

*Plaintiff—Appellant*,

*versus*

RICHARD WILES, EL PASO COUNTY SHERIFF,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-51

Before BARKSDALE, SOUTHWICK, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Plaintiff is incarcerated in the El Paso County Jail Annex. He filed a complaint against the sheriff alleging violations of his civil rights. He later filed a status update in which he suggested that he had exhausted the jail's grievance process after he filed his complaint. The district court *sua sponte*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50514

dismissed the complaint on the basis of failure to exhaust administrative remedies. We REVERSE and REMAND.

FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2019, Plaintiff Bilal Muhammad filed a "Memorandum of Law in Support of Freedom of Religion" alleging that defendant Richard Wiles, the El Paso County Sherriff, violated Muhammad's rights by refusing to serve him kosher meals. The district court construed the "Memorandum" as a complaint and a request for a temporary restraining order and preliminary injunction.

On February 21, 2019, Muhammad filed a status update in which he stated that "all Prison Litigation Reform Act (PLRA) administrative exhaustion requirements are now fulfilled on the Plaintiff's part" as of February 19, 2019.

Before serving Muhammad's complaint on Wiles, the magistrate judge screened it as required by 28 U.S.C. § 1915A. The magistrate judge recommended that Muhammad's complaint be dismissed for failure to exhaust administrative remedies before filing suit. The magistrate judge treated Muhammad's status update as a "supplemental pleading" and stated that "Muhammad's own pleadings reflect that he exhausted his administrative remedies fourteen days after filing suit."

Muhammad filed objections to the magistrate judge's report and recommendation. Muhammad argued, among other things, that he was not required to exhaust administrative remedies, that he had exhausted all available remedies, and that no administrative remedies were available to him. Muhammad also filed evidence of several earlier grievances that he had allegedly submitted to proper prison authorities.

No. 19-50514

In March 2019, the district court denied Muhammad's request for a temporary restraining order and preliminary injunction without referring to Muhammad's failure to exhaust his remedies. Then, in July 2019, the district court entered an order accepting the magistrate judge's report and recommendation and dismissing Muhammad's lawsuit on the basis of failure to exhaust administrative remedies.

Muhammad filed a motion to alter or amend the court's judgment, which the district court denied. Muhammad appealed.

## DISCUSSION

Muhammad proceeded *pro se* in the district court and has continued to do so on appeal. Although we liberally construe arguments in a *pro se* brief, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we still require *pro se* parties to brief their arguments adequately. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Muhammad's brief makes passing references to the court's denial of his request for a temporary restraining order and preliminary injunction. Such references are insufficient, and therefore he waived those arguments. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 483 (5th Cir. 2009)).

The argument Muhammad adequately presents is that the district court erred by dismissing his lawsuit on the basis of failure to exhaust administrative remedies. Muhammad argues that the district court erred by considering material outside of the pleadings and by raising *sua sponte* the affirmative defense of failure to exhaust administrative remedies. Muhammad also argues that he has shown a genuine dispute of material fact as to exhaustion. Alternatively, Muhammad argues that he was not required to exhaust administrative remedies.

## I.    *Dismissal*

We review *de novo* the dismissal of a prisoner's complaint for failure to exhaust administrative remedies. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).    The PLRA requires a prisoner to exhaust administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).  The Supreme Court has held, though, that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, courts should follow "the usual practice under the Federal Rules," which is "to regard exhaustion as an affirmative defense." *Id.* at 212.

We have read *Jones* as "insisting upon a return to the regular pleading order in the handling of the affirmative defense of failure to exhaust." *Carbe*, 492 F.3d at 327–28.  As a result, a "failure to exhaust must be asserted by the defendant" unless "the complaint itself makes clear that the prisoner failed to exhaust." *Id.* at 328.  This rule comports with the usual practice under the Federal Rules, which is that a district court considering dismissal for failure to state a claim must limit its review to "the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . [and] matters of which [the court] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

In dismissing Muhammad's complaint, the district court improperly considered material outside of the complaint.  First, the district court considered Muhammad's status update.  Although the district court referred to the status update as a "supplemental pleading," we do not consider the update to be part of the complaint.  The status update was filed nearly three weeks after the complaint and provided an update on administrative matters. Muhammad requested that the court "grant the TRO & preliminary injunction already submitted," indicating that the status update provided

further support for the complaint but did not add new allegations or a new prayer for relief. Moreover, supplemental pleadings require the approval of the court, FED. R. CIV. P. 15(d), but Muhammad did not seek the court's approval prior to filing his status update, and the court never explicitly approved its filing.

Second, the district court relied on a description of the El Paso County Jail Annex ("EPCJA") grievance process found in another district court case, *Villescas v. Wiles*, No. EP-11-CV-19-DB, 2011 WL 3703492, at *3 (W.D. Tex. Aug. 23, 2011). That case gave a brief description of the process in effect when that grievance was considered in 2011. *Id.* The description came from an "authenticated copy" of the grievance process that the court had "ordered Defendant Sheriff Richard D. Wiles . . . to file." *Id.*

Although Muhammad made a brief reference to the "EPCJA grievance procedures" and "EPCJA inmate handbook" in his status update, the EPCJA grievance process was not referenced in, attached to, or incorporated in the complaint. There is also no evidence that the version of the grievance process the district court considered was the same version in effect when Muhammad submitted his grievances. Further, the district court did not take judicial notice of the EPCJA grievance process.

The district court erred by considering Muhammad's status update and the EPCJA grievance process in dismissing the complaint. *See Lovelace*, 78 F.3d at 1017–18.

## II.    *Summary judgment*

We have held that an appellate court can assume that a district court implicitly converted a dismissal to a summary judgment when it considered material outside of the complaint. *See Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016). We have also held that a district court may raise grounds for summary judgment *sua sponte* so long as the

parties are provided notice and an opportunity to present relevant evidence. *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011). We need not decide whether that usual practice is permissible in a PLRA action such as this one. Even if the practice is permissible, summary judgment is not warranted here.

Summary judgment is proper if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Muhammad submitted his inmate handbook, which outlined a two-step grievance process involving an initial grievance and an appeal to the Commander. Muhammad also submitted an exhibit which purports to be a "Direct Appeal to Commander" and identifies six grievances dated from January 7 through January 16, 2019, that allegedly had been sent to a grievance board. There is a notation on the bottom right of the exhibit that purports to be Muhammad's recording EPCJA's response to his appeal to the Commander. The exhibit creates a genuine dispute of material fact as to whether Muhammad exhausted administrative remedies.

Muhammad also argues that no administrative remedies were available to him. There are no "freewheeling" exceptions to the PLRA's exhaustion requirement, but there is a "textual exception": an inmate must exhaust only those remedies that are "available." *Ross v. Blake*, 136 S. Ct. 1850, 1855, 1858 (2016). The Court identified three potential circumstances under which remedies would be considered unavailable: (1) when an administrative process "operates as a simple dead end," (2) when the process is "so opaque that it becomes, practically speaking, incapable of use," and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Muhammad asserts that all three of these circumstances are present, and he put forth some evidence to support this assertion. He submitted two exhibits that purport to be grievances complaining that the administrative

process was being manipulated and that there were hidden procedures applied in an unfair manner. These grievances are dated more than one month before he asserted in court that the grievance process was a dead end. Muhammad also identifies additional relevant evidence that he could obtain through discovery, including his grievance file and a video showing that he asked an officer for a grievance form that was never delivered, which he describes as "common custom."

In rejecting Muhammad's arguments, the district court relied on the inmate handbook as proof that administrative remedies were available. Muhammad's argument is not that EPCJA lacked a policy, but that EPCJA failed to follow that policy. Muhammad's evidence establishes a genuine dispute of material fact as to whether administrative remedies were available. *See id.* at 1859–60; *Dillon v. Rogers*, 596 F.3d 260, 268–69 (5th Cir. 2010) (finding that the record was "fragmentary" on the issue of the availability of remedies and remanding to the district court for discovery and further development of the record).

Since the issue of exhaustion may be considered on remand, we reject Muhammad's contention that exhaustion is excused when "special circumstances" exist. *Ross*, 136 S. Ct. at 1855; *see also Dillon*, 596 F.3d at 270.

Muhammad also argues that exhaustion is not required for injunctive relief. We held in an unpublished opinion that "[r]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused." *McMillan v. Dir., Tex. Dep't of Crim. Just., Corr. Insts. Div.*, 540 F. App'x 358, 359 (5th Cir. 2013) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)). We find the reasoning of that opinion persuasive and adopt its conclusion here.

Muhammad also argues that he never filed a "complaint," just a request for a temporary restraining order and preliminary injunction, so the

No. 19-50514

exhaustion requirement does not apply to him. This argument overlooks that any "civil action is commenced by filing a complaint." FED. R. CIV. P. 3. Muhammad may have styled his initial filing as a "Memorandum," but the district court construed it liberally as a complaint to commence his civil action. Had that court not done so, this suit would never have been commenced. The exhaustion requirement applies.

We REVERSE and REMAND for further proceedings.